BRYAN SCHRODER
United States Attorney

STEPHAN COLLINS
ADAM ALEXANDER
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: stephan.collins@usdoj.gov
Email: Adam.Alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MACAUTHER C. VAIFANUA "MAC",<br><br>Defendant. | ) No. 3:18-cr-00106-SLG-MMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLEA AGREEMENT

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.  SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A.  Summary of Agreement

The defendant, MACAUTHER C. VAIFANUA, agrees to plead guilty to the following counts of the Indictment in this case: Count 1, Drug Conspiracy, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C), and Count 3, Kidnapping, in violation of 18 U.S.C. § 1201(a).    The United States agrees to dismiss Count 2, Brandishing a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) of the indictment and to not to prosecute the defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Indictment. The defendant also agrees to forfeit the property listed in the criminal forfeiture allegation. The parties are free to make sentencing recommendations consistent with this agreement.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement.  The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B.  Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.  Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1: Drug Conspiracy, in violation of 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(C)

Count 3: Kidnapping, in violation of 18 U.S.C. § 1201(a)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

**1.** Beginning in or about January, 2015 , and ending on or about August 13, 2017, there was an agreement between two or more persons to distribute and to possess with intent to a controlled substance, to include a detectable amount of heroin;

**2.** Sometime during this period, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

The elements of the charge(s) in Count 3 to which the defendant is pleading guilty are as follows:

**1.** The defendant knowingly and willfully kidnapped, abducted, seized, confined, or carried away the victim;

2. The defendant held the victim for ransom, reward, or other benefit or reason; and; and

3. The defendant did use the mail or a means, facility, or instrumentality of interstate or foreign commerce in furtherance of the commission of the offense.

"Kidnap" means to take and carry away a person by force and against his or her will. "Seize," "confine," "abduct," and "carry away" all mean the physical or bodily taking and carrying away of a person, or the holding or restriction of someone by force or without that person's consent.

The government must prove that the defendant held the victim "for ransom or reward or otherwise." "For ransom or reward or otherwise" means the victim was held for any reason that would in any way be of benefit to the defendant. The defendant's reason need not have been for monetary benefit, and it need not have been unlawful.

A cellular telephone is an instrumentality of interstate commerce. See Pavlak v. Church, 727 F.2d 1425, 1427 (9th Cir.1984).

A defendant may be found guilty of kidnapping if he aided and abetted its commission by proving:

1) The kidnapping was committed by someone;

2) The defendant aided that person with respect to at least one element of kidnapping;

//

//

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS                    Page 4 of 21

3)      The defendant acted with the intent to facilitate the kidnapping; and

4)      The defendant acted before the crime was completed.

## C.    Factual Basis

The defendant admits the truth of the allegations in Counts 1 and 3 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Between January, 2015 and August 13, 2017, in Anchorage, Alaska, the defendant, MACAUTHER C. VAIFANUA "MAC," and his brother, FAAMANU JUNIOR VAIFANUA "JUNIOR," had entered into agreement with Victim A to distribute heroin. The brothers supplied Victim A, who in turn distributed the heroin in Anchorage.

Prior to August 13, 2017, someone broke into the residence that MAC shared with his girlfriend and stole, amongst other things, some heroin. On August 13, Victim A called MAC to arrange to purchase some more heroin. MAC agreed to sell Victim A some heroin at his residence. MAC then called JUNIOR on his cellular phone, which is a means, facility, and instrumentality of interstate commerce, to tell JUNIOR that Victim A was headed towards his place. MAC believed it was Victim A who had burglarized his home. MAC called JUNIOR to come over to have him help in punishing Victim A for the burglary and to show him that no one could do such a thing without expecting retribution.

As a result of that call, JUNIOR and JEFFREY JEREMY AHVAN, who was with JUNIOR, separately drove to the Cimarron Circle residence. AHVAN arrived before both

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS              Page 5 of 21

VICTIM A and JUNIOR. When he arrived, AHVAN went directly to the porch off of the kitchen where MAC and REX FAIVA FAUMUI, stood waiting for VICTIM A to arrive. When VICTIM A arrived, he went directly to the kitchen and sat down at the table waiting for MAC to sell him the heroin. MAC came off of the porch and started to weigh out VICTIM A's heroin on a scale that was on the table. While this was happening, FAUIMUI and AHVAN came in off the porch. MAC, FAUMUI, and AHVAN all stood around VICTIM A, who remained seated.

After MAC gave him the heroin, VICTIM A rose and made his way toward the front door intending to leave; he was not wearing any shoes. Instead of letting him leave, MAC, AHVAN, and FAUMUI shepherded VICTIM A into the attached garage. The exterior garage doors were closed. MAC pulled out a folding chair and directed VICTIM A to sit, which he did. Again, MAC, AHVAN, and FAUMUI all stood by, while VICTIM A remained seated. The three did not let VICTIM A leave the garage. MAC then pulled out a semi-automatic rifle and brandished it in front of VICTIM A. JUNIOR, who had arrived by then, walked into the garage and pulled out a handgun that he had brought with him. He handed the gun to AHVAN.

MAC and JUNIOR both used their cellphones to confront VICTIM A with what they believed showed the burglar was VICTIM A. Over the next hour, MAC, JUNIOR, AHVAN, and FAIMUI all participated in restraining and preventing VICTIM A from leaving the garage in order to exact retribution for the burglary and to ensure that their reputations were maintained. The methods of restraint used on VICTIM A included brandishing firearms, tying his hands behind his back with plastic zip ties, tying his feet

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS                Page 6 of 21

with torn cloth strips and wrapping tape, gagging his mouth with cloth strips and wrapping tape. VICTIM A struggled against the restraints.

Another form of restraint included physical assaults that rendered VICTIM A physically and mentally incapable of leaving. MAC, JUNIOR, and AHVAN all physically restrained Victim A. MAC punched Victim A in the head. Both MAC and AHVAN beat him with a broom handle. JUNIOR repeatedly punched him in the head and body, and kicked and stomped his head. FAUMUI went and retrieved a brand new aluminum baseball bat that he handed to JUNIOR. JUNIOR then used that same metal baseball bat to repeatedly beat VICTIM A's head, face, chest, hands, arms, and legs.

Afterwards, MAC, JUNIOR, AHVAN and FAUMUI took part in cleaning up the garage. MAC and JUNIOR crammed VICTIM A's body into a wire dog kennel, into which they also threw a bloody towel that had been placed under VICTIM A's head during the beatings.

MAC went outside the residence where he told a man in a nearby parked pickup truck to back up to the garage door. The man did as he was told. AHVAN, REX and JUNIOR loaded the dog kennel containing VICTIM A into the bed of the man's pickup truck. FAUMUI, AHVAN, and MAC, who was holding a handgun, then surrounded the driver on both sides of the truck. Pointing the gun at the driver, MAC told him that he didn't want to see "either one of them" again.

The man drove VICTIM A to a local hospital, where he received life-saving medical attention. VICTIM A was comatose when he arrived and had suffered brain hemorrhaging

and damage; skull and face fractures; multiple bone fractures; and lingering physical and mental disabilities.

After the man left with VICTIM A's body in the kennel, AHVAN, MAC, and FAUMUI, loaded at least four rifles, including the semi-automatic rifle that MAC had brandished, into MAC's girlfriend's car. MAC's girlfriend then drove the firearms away from the residence. Before they departed from the residence, the four men shook hands and hugged one another.

Neither the firearms, the baseball bat, nor the man's pickup truck used during the course of these events were manufactured in the state of Alaska. They had travelled in interstate or foreign commerce before August 13, 2017.

## D.    Statutory Penalties and Other Matters Affecting Sentence

### 1.    Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: Drug Conspiracy, 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C)

1) 20 years' imprisonment;

2) a one million dollar fine;

3) a $100 special assessment; and

4) 3 years' (mandatory minimum) to life of supervised release.

//

//

Count 3: 18 U.S.C. § 1201(a) (Kidnapping)

1) a maximum of life imprisonment;

2) a maximum $250,000 fine;

3) a $100 mandatory special assessment, and;

4) five years of supervised release.

## 2. Other Matters Affecting Sentence

### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be

delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The Court will have sole discretion ultimately to determine if the defendant has liability for any restitution owed to VICTIM A.

### F. Forfeiture

Defendant admits the Criminal Forfeiture Allegation in its entirety, and that the below-described property is subject to forfeiture to the United States.

Defendant admits that Defendant's interest, if any, in the following property is subject to forfeiture to the United States as property that was the proceeds of or used to facilitate a violation of 18 U.S.C. § 1201:

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS

(1) Windham rifle, model WW-15, serial number WW089077;

(2) Ruger rifle, model AR556, serial number 851-54443;

(3) Lewis Machine and Tool rifle, model Defender 2000, serial number LMT47433;

(4) Springfield semiautomatic pistol, model XD45, serial number GM452947;

(5) Springfield semiautomatic pistol, model XD45, serial number GM452945;

(6) AK-47 file, serial number 1-58423-03; and

(7) Smith and Wesson revolver, model 500 Magnum, serial number CNV5397.

In the event that any property subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as a result of any act or omission of or by defendant(s):Defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. Defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property to the United States, including but not limited to, executing documents and testifying truthfully in any forfeiture proceeding. Defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant understands and acknowledges that the United States is relying upon the Defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea

agreement. If Defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement.

The defendant further waives all constitutional, statutory, procedural, appellate, habeas corpus, and equitable challenges in any manner against any federal, state, local government regarding the seizure, custody, forfeiture, or disposition of the property listed in the above paragraph, to include that the property listed above is an excessive fine. The defendant agrees to the immediate entry of any orders concerning the forfeiture or other disposition of the property listed in the above paragraph.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS                    Page 13 of 21

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees, after imposition of sentence, to move for dismissal of Count 2, Brandishing a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) of the indictment and also agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

**B.    Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement.  The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes.  The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement.  The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

**C.    Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions

of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed.

R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.     ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, MACAUTHER C. VAIFANUA "MAC", the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this

Case 3:18-cr-00106-SLG   Document 163   Filed 03/10/20   Page 19 of 21

agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

//

//

U.S. v. M. Vaifanua
3:18-cr-00106-SLG-MMS                Page 20 of 21

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1, Drug Conspiracy, in violation of 21 U.S.C. § 846, 841(a)(1) and (b)(1)(C), and Count 3, Kidnapping, in violation of 18 U.S.C. § 1201(a) of the Indictment and admit the forfeiture allegations of the Indictment in their entirety.

DATED: __10/12/19__          _____
                              MACAUTHER C. VAIFANUA
                              Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: __October 12, 2019__          _____
                                      D. SCOTT DATTAN
                                      Attorney for MACAUTHER C.
                                      VAIFANUA "MAC"

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: __3/10/20__          _____
                            BRYAN SCHRODER
                            United States of America
                            United States Attorney