LAW OFFICE OF DATTAN SCOTT DATTAN
D. Scott Dattan
341 West Tudor Road, Suite 103
Anchorage, AK 99503
Phone: (907)276-8008
Fax:    (907)278-8571
E-mail: dattan@dattanlaw.com

Attorney for Defendant, Macauther C. Vaifanua

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MACAUTHER C. VAIFANUA, et al,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SENTENCING MEMORANDUM**

Case No. 3:18-cr-00106-SLG-MMS

The Sentencing Guidelines are advisory, not mandatory. A life sentence for Macauther "Mac" Vaifanua would be excessive. As stated in 18 USC 3553(a), "The court shall impose a sentence sufficient; but not greater than necessary to comply with the purposes... ." of the sentencing statute. The only purpose of a life sentence is punishment. Such a sentence necessarily ignores all of the other statutory considerations.

Nothing in this memorandum is offered to excuse Mac's conduct in the kidnapping and beating of Mr. Mohamed. It must be noted, however, that Derek Chauvin, a police officer, only received 22 ½ years for the murder of George Floyd. At least Mac has accepted responsibility for his actions.

If any aspect of sentencing is to provide restitution to any victims of the offense, a life sentence must be contraindicated. Only by being released at some point while he is still capable of working can Mac hope to make any restitution at all.

A recent article in *The Economist* (July 10, 2021) entitled "Pointlessly Punitive" explained why life sentences are almost always a bad idea. It states, in part:

> In fact, life sentences can also count as acts of punitive excess. They keep people penned up long after most of them have lost the capacity or inclination to be violent. They are also a poor deterrent. Potential criminals are more effectively restrained by a high likelihood of being caught than by a severe punishment.
>
> … Money spent on keeping 60- and 70-year-old ex-thugs behind bars forever would nearly always prevent more crimes if it were spent instead on better policing or on rehabilitation.

That article ends with the statement that in 2013 "The European Court of Human Rights ruled that all prisoners are entitled to the prospect of eventual release."

Mac is 32-years-old. He has diabetes, asthma, hypertension and gout. He contracted COVID while he was incarcerated. This history of ill health will only be exacerbated by lengthy incarceration.

It is noted in the Presentence Report that Mac has only one criminal history point – that for an offense in 2010. This certainly augurs well for the prospect of rehabilitation. His lack of any real criminal history suggests that this crime was atypical or aberrant behavior. He should be provided some opportunity to demonstrate his rehabilitation. A life sentence would make that impossible.

Mac is not beyond redemption. Granted, he committed a terrible crime. This court should balance retribution and rehabilitation. A life sentence addresses only the former. Therefore,

an appropriate sentence in this case is similar to that received by Mr. Chauvin – 22 ½ years. By then Mac would be more than 50 years old, unlikely to recidivate and probably in declining health. There is no point to keeping him locked up longer than that.

It would be relatively easy just to view Mac as an evil man. However, the events of August 13, 2017, are only one day in his life. His parents and siblings all live here in Alaska. While he doesn't have children, in the Samoan tradition he has been raising a niece as his own daughter. Please consider what his sister Talameo has to say about him in Paragraph 66 of the Presentence Investigative Report. With her comments in mind, it is apparent that Mac is capable of being rehabilitated.

What the defendants did to Mr. Mohamed in August, 2017, was both gruesome and horrible. But that one day does not define the person. Despite his health problems Mac has been employed and has a minimal criminal history. He has support from his family and he has taken steps toward self-improvement while incarcerated. With the prospect of eventual release (as opposed to a life sentence) Mac will undoubtedly avail himself of available programs through the auspices of the Bureau of Prisons. He requests a recommendation from the court for assignment to Sheridan, Oregon because this is the closest one to Alaska and his family may be able to visit him there.

If avoiding unwarranted disparity in sentencing is a consideration, Mac should not receive a greater sentence than the man who knelt on Mr. Floyd's throat for 17 minutes.

//

//

//

USA v.VAIFANUA, MACAUTHER C., Case No. 3:18-cr- 00106-SLG-MMS
Defendant's Sentencing Memorandum
Page 3 of 4

Case 3:18-cr-00106-SLG   Document 313   Filed 07/28/21   Page 3 of 4

Everyone, including Macauther Vaifanua, deserves an opportunity to demonstrate that he can make positive contributions to society. A life sentence surely denies that opportunity. A sentence of 22 ½ years is sufficient, but not greater than necessary under the circumstances.

Dated this 28th day of July, 2021 at Anchorage, Alaska.

s/ D. Scott Dattan
Attorney for Defendant, Macauther Vaifanua
341 West Tudor Road, Suite 103
Anchorage, Alaska 99503
Phone: (907)276-8008
Fax: (907)278-8571
E-mail: dattan@dattanlaw.com
Alaska Bar No. 8411111

**CERTIFICATE OF SERVICE:**
I hereby certify that electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on July 28, 2021.

All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

/s/ D. Scott Dattan

USA v.VAIFANUA, MACAUTHER C., Case No. 3:18-cr- 00106-SLG-MMS
Defendant's Sentencing Memorandum
Page 4 of 4

Case 3:18-cr-00106-SLG   Document 313   Filed 07/28/21   Page 4 of 4