E. BRYAN WILSON
Acting United States Attorney

STEPHAN A. COLLINS
ADAM ALEXANDER
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: stephan.collins@usdoj.gov
       adam.alexander@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:18-cr-00106-SLG |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| MACAUTHER C. VAIFANUA, | ) |
| Defendant. | ) |

**UNITED STATES' SENTENCING MEMORANDUM**

SUMMARY OF SENTENCING RECOMMENDATIONS

TERM OF IMPRISONMENT ................................................................. LIFE

TERM OF SUPERVISED RELEASE ............................................................LIFE

SPECIAL ASSESSMENT ........................................................................ $200.00

RESTITUTION ................................................................................. $981,171.73

## I. GUIDELINE APPLICATIONS

### A. Total Adjusted Offense Level

Following his guilty plea, the defendant stands convicted on one count of drug trafficking conspiracy, a violation of 21 U.S.C. § 846, 841(a)(1), (b)(1)(C), and one count of Kidnapping, a violation of 18 U.S.C. 1201(a). As a benefit of the plea agreement, the United States agreed to dismiss Count 2 of the indictment following the imposition of sentence. In the defendant's final presentence report, the United States Probation Office has calculated the defendant's total adjusted offense level to be 42 and his criminal history category to be I. The United States has no objection to these calculations or conclusions.

## II. SENTENCE RECOMMENDATION

The properly calculated advisory guidelines would recommend a sentence of between 360 months up to a Life term of imprisonment. The United States recommends a sentence of 240 months on the drug trafficking conspiracy charge and a life term on the kidnapping charge.

Separately, the United States will file copies of the three videos that capture the full extent of the crimes committed against the victim, and the defendant's participation in the brutality that he and his codefendants meted out. There is no audio. There is nothing more that can be written that better describes the events and the defendant's involvement in the crimes. The defendant's indifference towards the life and wellbeing of the victim is manifested in his actions and demeanor. The videos sum up the reasons supporting a life term of imprisonment on the kidnapping charge and the maximum on the drug conspiracy charge. Nothing did nor will deter the defendant from being a threat to others in free

society, or incarcerated society for that matter.

### III.     FACTORS PURUSANT TO 18 U.S.C. § 3553(a)

In addition to calculating the defendant's sentencing range under the advisory Sentencing Guidelines, the Court must also consider the factors and purposes enumerated in 18 U.S.C. § 3553(a).  Here, those factors indicate that the sentence proposed by the United States is "sufficient, but not greater than necessary . . ." to achieve these goals. 18 U.S.C. § 3553(a).  A life sentence is necessary.  Of all the applicable 3553(a) factors, the most significant– perhaps the only legitimate relevant one— is societal protection. Furthermore, in a similar case involving a drug related kidnapping, <u>United States v. Seugasala</u>, 3:13-CR-00092-RRB, the Court imposed a life sentence.

### IV.     CONCLUSION

In light of the factors detailed herein, and for the reasons set forth in the defendant's presence report, as well as the videos of the crime, the United States respectfully requests that the Court impose a sentence on the drug conspiracy charge a term of 240 months, with a life term of supervised release to follow, and for the kidnapping charge a term of life imprisonment, with a five-year term of supervised release to follow. The United States does not seek the imposition of a fine.  The defendant should be held jointly and severally liable for the sum of $981,171.73 owed to the Alaska Native Medical Center. The special assessment of $200.00 is mandatory. The United States will move to dismiss Count 2 of the indictment following the imposition of sentence.

//

RESPECTFULLY SUBMITTED August 2, 2021, in Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

s/ Stephan A. Collins
STEPHAN A. COLLINS
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2021
a true and correct copy of the foregoing was
served electronically on the following:

D. Scott Dattan

s/ Stephan A. Collins
Office of the U.S. Attorney