# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>MACAUTHER CHRISTMAS VAIFANUA,<br><br>        Defendant. | Case No. 3:18-cr-00106-SLG-MMS |

### ORDER ON MOTION PURSUANT TO 18 U.S.C. § 3582(c)(2) FOR REDUCTION OF SENTENCE

Before the Court at Docket 590 is self-represented Defendant Macauther Christmas Vaifanua's Motion Pursuant to 18 U.S.C. § 3582(c)(2) for Reduction of Sentence. The Government did not file a response. The United States Probation Office filed a sealed memorandum regarding Mr. Vaifanua's motion at Docket 594, in which it recommended that the motion to reduce the sentence be denied.

On August 11, 2021, this Court sentenced Mr. Vaifanua to 600 months' imprisonment after he had pled guilty to kidnapping, in violation of 18 U.S.C. § 1201(a), and a drug trafficking conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C).[1]

Mr. Vaifanua now seeks a sentence reduction on various grounds. He

---

[1] Docket 336 at 1-2.

suggests that there is no evidence that he used a weapon pursuant to 18 U.S.C. §§ 924(c) or 922(g) or that he played a leadership role in the offense, and that his counsel was ineffective for failing to argue these points.[2] He also maintains that his due process and speedy trial rights were violated.[3] Finally, Mr. Vaifanua contends that a sentence reduction is warranted due to his medical issue; specifically, he asserts that he has a foot ulcer, is on dialysis, and kidney transplants are not available in federal prison.[4]

## I. Applicable Law

The First Step Act of 2018 amended 18 U.S.C. § 3582(c)(1)(A) to allow federal inmates to move the district court for a sentence reduction.[5] Before seeking compassionate release in district court, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6]

If an inmate has exhausted his administrative rights, a district court must consider the motion on the merits. To reduce a sentence on the merits, a court

---

[2] Docket 590 at 1-4, 7-8.

[3] Docket 590 at 5

[4] Docket 590 at 5, 7

[5] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Prior to this amendment, only the Director of the Bureau of Prisons could bring a motion to reduce an inmate's sentence.

[6] 18 U.S.C. § 3582(c)(1)(A).

Case No. 3:18-cr-00106-SLG, *United States v. Vaifanua*
Order on Motion for Reduction of Sentence
Page 2 of 5
Case 3:18-cr-00106-SLG     Document 599     Filed 10/08/25     Page 2 of 5

must find that "extraordinary and compelling reasons"—as set forth in the applicable policy statements issued by the Sentencing Commission—and the applicable 18 U.S.C. § 3553(a) factors warrant a sentence reduction.[7] Although a district court must make both findings "before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step."[8]

"Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement and the requirement that 'rehabilitation alone' is not extraordinary and compelling."[9] The policy statement at United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," applies to both BOP-filed and defendant-filed compassionate release motions.[10] Pursuant to § 1B1.13, extraordinary and compelling reasons include a defendant's serious physical or medical condition that substantially diminishes his ability to provide self-care in an institutional

---

[7] *Id.* § 3582(c).

[8] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (emphasis in original) (disagreeing with the defendant that a district court must make an explicit "extraordinary and compelling" finding before denying a motion based on the § 3553(a) factors).

[9] *United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (alteration omitted) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

[10] *See* U.S. Sent'g Guidelines Manual § 1B1.13(a) (U.S. Sent'g Comm'n 2024) ("Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . .").

Case No. 3:18-cr-00106-SLG, *United States v. Vaifanua*
Order on Motion for Reduction of Sentence
Page 3 of 5
Case 3:18-cr-00106-SLG    Document 599    Filed 10/08/25    Page 3 of 5

setting.[11] The policy statement also includes a catchall provision for "other reasons" that might constitute an extraordinary or compelling reason warranting a sentence reduction, and a court may consider "any other circumstance or combination of circumstances that, when considered by themselves or together" "are similar in gravity" to the enumerated reasons.[12]

## II. Discussion

Mr. Vaifanua's constitutional challenges to his conviction are not properly raised in a motion for a sentence reduction pursuant to § 3582(c). If Mr. Vaifanua seeks to raise these claims, he must do so in a 28 U.S.C. § 2255 motion. Further, his claims related to 18 U.S.C. §§ 924 and 922 are irrelevant, as he was not convicted under either of those statutes.

As for Mr. Vaifanua's medical conditions, while those could support the finding of an extraordinary and compelling reason for a sentence reduction, Mr. Vaifanua has neither demonstrated that he has exhausted his administrative remedies, nor does he provide medical records or other documentation supporting the claims regarding his medical conditions. Mr. Vaifanua is also currently in custody at MCFP Springfield, an administrative security federal medical center.[13] This suggests that his medical conditions are being addressed, and Mr. Vaifanua

---

[11] *Id.* § 1B1.13(b)(1).

[12] *Id.* § 1B1.13(b)(5).

[13] Fed. Bureau of Prisons, Inmate Locator (available at www.bop.gov/inmateloc/) (last accessed Sept. 25, 2025).

Case No. 3:18-cr-00106-SLG, *United States v. Vaifanua*
Order on Motion for Reduction of Sentence
Page 4 of 5
Case 3:18-cr-00106-SLG   Document 599   Filed 10/08/25   Page 4 of 5

does not present any evidence to the contrary.

For the foregoing reasons, Mr. Vaifanua's Motion for Sentence Reduction at Docket 590 is DENIED.

DATED this 8th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cr-00106-SLG, *United States v. Vaifanua*
Order on Motion for Reduction of Sentence
Page 5 of 5
Case 3:18-cr-00106-SLG     Document 599     Filed 10/08/25     Page 5 of 5